## BENJAMIN McDANIEL *v.* HENRY WEBSTER.

If a special contract be entered into, to build a mill for a specific price, and the mill is built and the special contract is executed, the builder's book of original entries of charges for daily work and materials furnished in building it, is not evidence to prove the work done, or the supply of the material, or the value of either ; for in such a case, he is confined to his special contract and must recover strictly according to the terms of it.

But if there was no special agreement in the case, or if the work was commenced and prosecuted to a certain stage under a special agreement for

39

a specific price for building and completing it, and it was then rescinded or abandoned by reason of the misconduct of the other party in unreasonably interfering with, or interrupting the regular prosecution of the work, his book of original entries is admissible and competent evidence for the purposes above stated; but though admissible and competent evidence in either of the latter cases, to prove the work done and the materials furnished, and the value of both, it is not conclusive evidence; for the jury must take into consideration all the facts and circumstances proved in the case, and determine from the evidence before them, the amount of work done and of the materials furnished and the value of each, and make up their verdict in accordance with it.

ASSUMPSIT for work and labor and materials furnished in building a grist mill by the plaintiff for the defendant. The declaration contained only the common counts, to which the usual pleas were pleaded. The plaintiff produced and was sworn to his book of account containing his original entries for work done and materials furnished by him in building it, which was put in evidence. There was originally a special contract between the parties that the plaintiff was to do all the mill-wright work upon it and put the mill in running order for one thousand dollars, under which he commenced work upon it, employing workmen, and supplying materials for it, to the amount of $140. A considerable portion of the work had been done on the machinery of the mill, and the house had been built and the floors laid, when a fire occurred in it, by reason of which the work upon it was damaged and suspended. It was proved, however, that the building at night, was in the care and keeping of the defendant, who had had several dancing parties in it in the meanwhile, but none on the night in which the fire occurred. On the part of the plaintiff it was proved that some of the men whom the defendant had in his employ, did not make good time with their work during the progress of it, and on behalf of the defendant that the plaintiff unreasonably obstructed and delayed the prosecution of it, by more than once interrupting and abruptly ordering it to be stopped, and by delay in furnishing sand and lime for the building which he was to supply, because as he

alleged, he had not time to haul it. It was also proved for the plaintiff that not long after the .fire, he formally notified and requested the defendant to resume the work and to proceed and finish it according to the contract, which the defendant refused and omitted to do.

*Gordon*, for the plaintiff, did not deny that the work in question had been commenced by the plaintiff under a special contract with the defendant such as had been stated. But having been constrained by the unreasonable interference and interruption of the defendant and his delay in furnishing the requisite materials to be supplied by him, as well as by the accident of the fire, which was attributable to his negligence, to discontinue and abandon both the contract and the work under it, the plaintiff was entitled in law under the circumstances proved, to waive and abandon it entirely, and to recover on the common counts, and in this action, for the work and labor performed and the materials furnished by him, whatever they were worth, up to the time of the abandonment of the contract and the work under it, just as if no special contract had ever been made between the parties concerning it. The sum which he demanded on this ground, and which the charges in his book of original entries and the testimony of his witnesses had proved was about four hundred and fifty dollars.

*D. M. Bates,* for the defendant: The demand of the plaintiff it seemed was about $450 00 according to the charges contained in his book account against the defendant. He admitted, under the facts established in evidence, that the plaintiff was entitled to recover in this action according to the value proved of the work done and the materials supplied by him. But assuming that this was done under a special agreement between the parties, to the effect that the whole mill-wright work was to be finished and completed and the mill put in running order for one thousand dollars, still, although the con-

tract was never executed, but was rescinded, or abandoned by the consent of the parties during the progress of the work under it, and the plaintiff was thereby permitted to resort to this form of action and to recover on the common counts for the work and materials accordingly performed and supplied by him, yet the plaintiff's book of original entries was not evidence to fix and determine the price, or value of them, and was not admissible for that purpose; but the value of them must be proved by other evidence than his own charges, and proof of his own making. Because, when the whole work was to be done for a specific price specially agreed upon between the parties, the party to do the work had no right to charge for it by the day, for the nature and essence of the agreement and understanding between the parties at the time of doing the work, precluded such a charge. But his book of original entries was not legal evidence to support his demand upon another ground; because the items of daily charge entered in it, were not of matters properly chargeable in an account. 1 *Greenl. Ev. sec.* 118 *in note* 2. *Merrill v. The Ithaca and Owego R. R. Company,* 16 *Wend.* 594. In such a case the value of the work done must be proved by the testimony of witnesses competent to judge of it, and not by the party's own book account. In the case just cited from Wendell's Reports, the court said charges for anything done, or delivered under a supposed special contract, but which afterward becomes matter of account by operation of law, in consequence of a recision of the contract, cannot be proved by the party's book. There must be a right to charge when the work is done, or the goods are delivered, or the book cannot be used for that purpose.

There was also another question which he wished to present in relation to this matter, and it was this; would the court take upon itself to decide on the evidence before it, that there was a special contract in this case, or leave that question to be determined by the jury, subject to the direction of the court on the other point dependent

upon it, in case the jury should be of opinion that there was a special agreement between the parties originally with regard to the work, but that it was afterward rescinded, or abandoned by them during the prosecution of it ?   He thought it was the province of the court to decide the question, for whenever the question relates to the competency of the evidence, or it becomes material to determine whether it is properly admissible, or not, it is the duty of the court to decide it, and they will not refer it to the jury.

*Gordon,* replied.

*The Court, Gilpin, Ch. J.,* charged the jury :  It had been conceded on the part of the defendant that the plaintiff was entitled to recover in the action to the extent of the value proved of the work performed and of the materials furnished by him in building the mill up to the time of his abandoning it ; but the counsel differ as to the method in which this value is to be proved and established by the plaintiff.   Our statutes provide (*Rev. Code* 184, 382,) that a book of original entries, regularly and fairly kept, shall, with the oath or affirmation of the plaintiff, be admitted in evidence to charge the defendant with the sums therein contained for goods sold and delivered, and other matters properly chargeable in an  account.   Cash items are expressly pronounced in the statute not to be such ; but charges or items, such as have been  proved and are referred to in this case, have always been  held to be  so. The object of the statute, however, as we understand it, is simply to make such books of original entries with the charges contained in them regularly and fairly kept, with the oath or affirmation of the party, admissible, or competent evidence merely in the case, but leaving the weight, credibility and effect to which they may be entitled in any  case  when  admitted. entirely  with  the  jury ; and therefore it has always been held competent for the other side to disprove the character of the book of entries, or

the items, or sums contained in them if he can, after they are admitted in evidence. As to the point made by the counsel for the defendant in regard to the special agreement alleged to have been originally made between the parties for the mill-wright work upon the mill, and under which the work upon it was done, so far as it was done by the plaintiff, whether there was such a special agreement, or any other special agreement in the case, it was purely a question of fact for the jury to determine from the evidence before them, and on which it was neither the duty, nor the privilege of the court to express any opinion. If the work was done under a special agreement such as had been stated, the plaintiff's book of original entries with the charges and sums contained in his account, was not proper, or sufficient evidence to prove the value of his services, or work done and material furnished by him in building the mill; for in that case, the plaintiff would be confined to his special contract, and could only charge and recover in strict accordance with the terms of it. But if the work was not performed and the materials were not supplied, under any special agreement, or if there was originally a special agreement between the parties in regard to the matter, under which it was commenced and prosecuted as far as it was performed by the plaintiff, but which special contract was afterward rescinded, or abandoned by reason of the misconduct of the defendant in unreasonably interfering with, or interrupting the regular prosecution of the work, the plaintiff would then, in either case, be entitled to recover on the common counts for his work and the materials furnished, as far as he had proceeded with it, without any reference to the special agreement, the same as if none had ever been entered into by him; and in either of those events, we consider, and rule, that his book of original entries would be admissible and competent evidence to go to the jury under our statute, to prove the work done and materials furnished, and the value of them; but it would not necessarily be conclusive, or unimpeachable

evidence for either purpose in our opinion.   For the jury
must take into their consideration all the facts and cir-
cumstances proved in the case, and determine from all
the evidence before them, both the amount of work done
and the materials furnished and the value of each and
make up their verdict in accordance with it.